The opinion of the court was delivered by
Bermudez, C. J.
The defendant complains that the clerk of this court refuses to file the transcript of appeal herein unless a deposit in money, to cover the costs, be previously made. He insists that under the provisions of Act No. 16 of 1884, amending Sec. 1042 of the Revised Statutes, no such prerequisite is allowed to be asked.
The answer of the clerk to the rule on him denies that this case is a criminal case, and avers that it is a civil case, in which the deposit should be made.
The mover states that he was prosecuted, convicted and sentenced by a recorder in the Oity of New Orleans for violating a city ordinance, and fined $25 or twenty days’imprisonment; that the constitutionality and legality of said city ordinance was specially pleaded by the defendant previous to trial and overruled, and that the defendant appealed to this court, the appeal being made returnable on Monday, February 3, 1890.
The act relied on by the mover is substantially to the effect that all expenses incurred by the * * * prosecution of persons accused or convicted of crimes * * * shall be paid by the respective parishes in which the offence charged may have been committed, or by the Oity of New Orleans, as the case may be, etc. * * *
Under Arts. 5 and 7 of the Constitution, criminal prosecutions must be by indictment or information, and in all such the accused enjoys the right to a trial by jury.
Under Art. 130, the Criminal District Court for the Parish of Orleans has exclusive general criminal jurisdiction.
By Art. 81, the Supreme Court is vested with appellate jurisdiction over criminal eases whenever the punishment may be death, imprisonment at hard labor, or where a fine exceeding $300 is actually imposed.
Under Act 80 of 1878, page 56, all appeals in criminal cases must be made returnable to this court within ten days.
A crime is an act committed, or omitted, in violation of a public law, either forbidding or commanding it; a breach or violation of some public right or duty due to a whole community in its aggregate capacity. 4 Blackstone 5.
*272 The distinction between crimes against the State and mere violations of municipal ordinances and the bearing of constitutional provisions touching the respective modes or methods for the prosecution and punishment of offenders against the same, is clearly recognized by elementary writers and confirmed by frequent adjudications. Mayor vs. Meuer, 35 An. 1193, and authorities cited.
It is therefore apparent that the cases provided for by the statute invoked are those in which a person has been accused or convicted of a crime. Under the constitutional provisions, this could only be on a prosecution by indictment or information, with a jury trial, before a court of general criminal jurisdiction, the punishment being death, hard labor, or the actual infliction of a fine. 28 A. 654.
From the face of the rulé and from the record to which it refers, it appears that the proceeding was'not on a prosecution by indictment or information for the commission of any crime, before a court of general criminal jurisdiction, with jury trial, punishable by death, hard labor or a fine, appealable to this court within ten days. It is a proceeding nominally in the name of the State, but in reality in that of the City of New Orleans, for the violation of a municipal ordinance, before a mere police magistrate, officially vested with jurisdiction to enforce such ordinances; Art. 92, 136; City Charter 1882; Act No.'20, Sec. 49; the punishment of which is neither death, hard labor, nor a fine exceeding $300, and the judgment and appeal in which are not appealable and returnable to this court within ten days.
Act 19 of 1886, page 30, to which mover refers, provides that no costs shall be demanded from a party accused in any criminal prosecution in the State, and that such party shall not be required to pay any costs until he shall have been convicted and condemned to pay costs.
Secs. 1001 and 1002, R. S., are clear on the subject. Manning’s U. R. C. 395.
It provides an immunity in a criminal prosecution, and as we have found that this case is not one involving a prosecution for the commission of a crime, it finds no application on this occasion. So that, it is manifest, even if the statute invoked did, in terms, exempt an appellant from making in this court a deposit of money, this case, not being criminal in character, not one in which a person is accused *273 or convicted of a crime, does not fall within its provision, and the-clerk had a right to require the deposit demanded.
It is therefore ordered that the rule be discharged with costs.
Poehé, J., recused.